IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| JANICE L. KAUFFMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action |
| vs. | ) | FILE NO. ______________ |
| | ) | |
| PUBLIX SUPER MARKETS, INC., | ) | |
| d/b/a PUBLIX PHARMACIES, | ) | |
| | ) | |
| Defendants. | ) | |
| ______________________________ | ) | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

NOW COMES the Plaintiff and presents *Plaintiff's Complaint for Damages* against the above-named Defendant, and respectfully shows the following to the Court:

## I. STATEMENT OF PARTIES.

1.

Plaintiff JANICE L. KAUFFMANN is a resident of the State of Georgia and resides within this judicial district (in COWETA COUNTY).

2.

Plaintiff sustained injuries and suffered damages arising out of and resulting from negligent acts and omissions of Defendant (acting by and through its agents and employees), and these negligent acts and omissions occurred at Defendant's Publix

Pharmacy at Senoia Village, which is located at 8080 Well Street, Senoia, Georgia 30276.

3.

(a) Defendant PUBLIX SUPER MARKETS, INC. is a Florida corporation, organized and existing under the laws of the State of Florida.

(b) Although existing under the laws of the State of Florida, Defendant PUBLIX SUPER MARKETS, INC. applied with the Georgia Secretary of State's office for authorization to conduct business within the State of Georgia and was lawfully authorized by the Georgia Secretary of State's Office to transact business in the State of Georgia.

(c) Defendant PUBLIX SUPER MARKETS, INC. was transacting business within the State of Georgia at all times relevant to the allegations and assertions set forth herein.

(d) As a foreign corporation legally authorized to transact business within the State of Georgia, Defendant PUBLIX SUPER MARKETS, INC. maintains a registered agent for service of process in Georgia, and may be served with Summons and Complaint in this action through service upon its Registered Agent, as on file with the Georgia Secretary of State's office, to wit: CORPORATE CREATIONS NETWORK INC., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066 (within COBB COUNTY).

**II. STATEMENT OF JURISDICTION AND VENUE.**

4.

(a) This claim seeks recovery of money damages for injuries sustained by Plaintiff, a Georgia resident, and caused by the negligent actions of Defendant, a Florida corporation, acting by and through its agents (actual or apparent) and employees.

(b) Plaintiff's claims arise out of Defendant's negligent acts and omissions, acting by and through its employees and its actual or apparent agents, all of which occurred within this judicial district.

5.

This claim seeks recovery of money damages in excess of $75,000.00 (exclusive of interest and costs) for injuries sustained by Plaintiff and caused by the negligent actions of the named Defendants.

6.

This action is between citizens of different States and meets the jurisdictional prerequisites for this Court's exercise of original jurisdiction over this dispute.

7.

(a) This Court has original jurisdiction of this civil action under the provisions of 28 U.S. Code §1332 (a)(1).

(b) Venue of this action lies properly before this Court, pursuant to the provisions of 28 U.S. Code §1391(b)(2), as all, or

a substantial part, of the events or omissions giving rise to Plaintiff's claim occurred within this judicial district.

## III. STATEMENT OF FACTS.

8.

(a) On January 13, 2023, Plaintiff went to Publix Pharmacy at Defendant's store at Senoia Village, 8080 Well Street, Senoia, Georgia 30276 to obtain medication as prescribed by her treating physician.

(b) The prescription to be filled by Defendant, by and through its agents and employees, was consistent with prescriptions obtained by Plaintiff through this pharmacy location on multiple occasions in the past months leading up to this date.

(c) Specifically, she was to obtain a refill of her prescription for Hydrocortisone 10 mg tablets, and this medication was essential and critical for her well-being and health based upon her medical history.

(d) Despite the direct order as issued by her treating physician for Hydrocortisone 10 mg, and despite Plaintiff's prior medication history as filled at Defendant's pharmacy at this same location, Defendant, by and through its employees and agents, provided Plaintiff with a bottle of Hydralazine 10 mg.

9.

(a) Over the next several days, Plaintiff gradually developed

and experienced increasing fatigue and a decreasing energy level.

(b) When Plaintiff discussed her recent difficulties with her treating physician's office, she was instructed to double up on her dosage of the hydrocortisone she believed she was taking to see if that helped with her new symptoms, and she complied with that directive.

(c) Thereafter, when Plaintiff's condition continued to deteriorate, she was taken by family to the Emergency Department at Piedmont Newnan Hospital on February 4, 2023.

(d) At the Emergency Department at Piedmont Newnan Hospital, Plaintiff was worked up and then admitted with chief complaints of nausea, emesis, generalized weakness/malaise, abdominal discomfort and lower back pain for the past several days.

(e) Plaintiff was subsequently diagnosed with and treated for acute metabolic encephalopathy, acute hypoxic respiratory failure and subclinical hypothyroidism, toxic encephalopathy and pneumonia.

(f) Plaintiff remained in the hospital through February 10, 2023, at which time she was discharged home with orders that included in-home health care assistance to assist in her recuperation from the after-effects of her condition.

(g) Once back in her home, a home health care attendant reviewed her current medications and Plaintiff then became aware that the Defendant had improperly filled her prescription.

(h) The physical difficulties and complications which necessitated and resulted in Plaintiff's hospital admission and post-discharge treatment as described herein were a direct result of Defendant's negligent actions in providing her with the wrong medication.

10.

Shortly after the discovery of Defendant's error, Plaintiff and her family members spoke to Defendant's pharmacy employee about the error, and Defendant, through its employee, conceded the error and apologized for the mistake in the medications provided.

11.

As a direct and proximate result of the negligent actions and omissions of Defendant, by and through its representatives, agents and employees, Plaintiff sustained significant injuries and medical complications.

12.

(a) At all times relevant to this action, Defendant PUBLIX SUPER MARKETS, INC. was responsible for the actions and omissions of its employees and authorized agents who provided services and prescription medications to Plaintiff.

(b) Defendant PUBLIX SUPER MARKETS, INC., d/b/a PUBLIX PHARMACIES, is vicariously liable for the negligent acts and omissions of its employees and agents during the course of their treatment of Plaintiff.

(c) Defendant PUBLIX SUPER MARKETS, INC., d/b/a PUBLIX PHARMACIES, was negligent in its failure to provide proper training, management, oversight and supervision of its agents and employees, specifically including those individuals involved in the fulfillment of the prescription issued by Plaintiff's treating physician.

13.

(a) Defendant PUBLIX SUPER MARKETS, INC., d/b/a PUBLIX PHARMACIES, is liable to the Plaintiff herein, under the doctrine of *respondeat superior*, for the actions, omissions, and errors of its agents and employees, in the course of its fulfillment of the prescription orders issued on behalf of the Plaintiff.

(b) PUBLIX SUPER MARKETS, INC., d/b/a PUBLIX PHARMACIES, is further liable to the Plaintiff herein, for its negligence in failing to provide proper training, management, oversight and supervision of their agents and employees, specifically including those individuals involved in the fulfillment of the prescription as issued by Plaintiff's treating physician.

## IV. STATEMENT OF CLAIMS.

Plaintiff incorporates herein by reference thereto all allegations as set forth hereinabove, in the preceding Paragraphs 1-13, as if the same were fully set forth herein, and based thereon, seeks the following damages and relief:

*(a) Direct Negligence.*

14.

Defendant was negligent in various particulars, including, but not limited to, the following:

(a) In failing to exercise ordinary care in the training, management, oversight and supervision of its representatives, employees and agents, so as to ensure that errors such as this one would not occur.

(b) In failing to implement and utilize systems and safeguards so as to ensure that egregious medication errors such as this one did not occur.

(c) In failing to establish and implement adequate and appropriate procedures to ensure that egregious medication errors such as this one did not occur.

(d) In such other particulars as may become apparent during the course of this action, and through the conduct of further discovery herein.

15.

The negligent actions of Defendant in providing Plaintiff with the wrong medication, by and through its representatives, agents or employees, fell well below the standard of care applicable to pharmacists and pharmacist's techs in the fulfillment of prescriptions presented and prescribed.

*(b) Simple Negligence.*

16.

(a) Defendant's negligent actions and omissions, by and through the acts and omissions of its representatives, agents and/or employees, is clear and indisputable, as the act of properly filling a prescription issued by a treating physician involves merely the clerical and administrative act of completing the physician's order as directed.

(b) The fulfillment of a physician's order for the filling of a prescription for medication for a patient/customer does not involve the exercise of independent judgment or discretion on the part of the pharmacy and pharmacist.

(c) Defendant is therefore liable for its simple negligence in the fulfillment of its duties and obligations in failing to properly fill and provide Plaintiff with her prescribed medication.

(d) Further, Defendant's negligent acts and omissions, by and through its representatives, agents and employees, is so egregious that it demonstrates willful misconduct, wantonness, or an entire absence of care.

(e) Such misconduct shows a conscious indifference to the consequences of Defendant's actions.

*(c) Vicarious and Derivative Liability.*

17.

(a) Defendant PUBLIX SUPER MARKETS, INC., d/b/a PUBLIX PHARMACIES, is liable to the Plaintiff herein, under the doctrine of *respondeat superior*, for the actions, omissions, and errors of its agents and employees, in the course of its fulfillment of the prescription orders issued on behalf of the Plaintiff.

(b) PUBLIX SUPER MARKETS, INC., d/b/a PUBLIX PHARMACIES, is further liable to the Plaintiff herein, for its negligence in failing to provide proper training, management, oversight and supervision of their agents and employees, specifically including those individuals involved in the fulfillment of the prescription as issued by Plaintiff's treating physician.

(c) Defendant PUBLIX SUPER MARKETS, INC., d/b/a PUBLIX PHARMACIES, is vicariously liable for the negligent acts and omissions of its employees and agents during the course of their treatment of Plaintiff.

(d) Defendant PUBLIX SUPER MARKETS, INC., d/b/a PUBLIX PHARMACIES, was negligent in its failure to provide proper training, management, oversight and supervision of its agents and employees, specifically including those individuals involved in the fulfillment of the prescription issued by Plaintiff's treating physician.

*(d) Breach of Contract and Breach of Express and Implied Warranties.*

18.

(a) Defendant breached its contractual duty to properly dispense the correct medication to Plaintiff.

(b) Defendant breached express warranties as applicable to the transaction with Plaintiff.

(c) Defendant breached implied warranties of merchantability and fitness for the product's intended and particular purpose, as applicable to its attempted fulfillment of its duties and obligations in filling and dispensing Plaintiff's prescription.

(d) Plaintiff has sustained damages as a result of Defendant's breach of its contractual obligations and applicable warranties.

*(e) Expenses of Litigation and Attorney's Fees*.

19.

(a) Defendant has acted in bad faith herein, has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense in seeking to obtain relief for the injuries and damages caused by Defendant.

(b) Plaintiff is therefore entitled to and hereby seeks recovery of her expenses of litigation, pursuant to O.C.G.A. §13-6-11.

*(f) Punitive Damages.*

20.

(a) The actions and omissions of Defendant (individually and by and through its employees and agents), as described hereinabove, showed an entire absence or want of care and demonstrated a conscious indifference to the consequences of their actions.

(b) Therefore, pursuant to O.C.G.A. §51-12-5.1, Plaintiff seeks and demands an award of punitive damages from Defendant in order to penalize, punish, or deter these Defendants from such actions in the future.

## V. STATEMENT OF DAMAGES AND RELIEF SOUGHT.

Plaintiff incorporates herein by reference thereto the allegations as set forth hereinabove, in all preceding Paragraphs (specifically including Paragraphs 1-20), as if the same were fully set forth herein, and based thereon, seeks the following damages and relief:

21.

(a) As a direct and proximate result of the negligent acts and omissions of Defendant's employees and agents as described herein, Plaintiff sustained significant physical injuries as described hereinabove and suffered significant pain, suffering and anguish.

(b) As a direct and proximate result of the aforesaid

negligence of the Defendants and the extensive medical treatment necessitated by her injuries, Plaintiff has incurred necessary and reasonable medical treatment expenses.

(c) Upon information and belief, Plaintiff has incurred in excess of $80,000 in medical treatment expenses necessitated by these Defendants' negligent actions.

22.

(a) Plaintiff seeks recovery of damages for her injuries as provided under Georgia law.

(b) Plaintiff specifically seeks recovery of damages for her past, present and future pain and suffering arising out of her injuries and her medical expense as required in order to treat and manage her injuries, as caused by these Defendants' negligence.

(c) Plaintiff hereby seeks and demands an award of damages based upon her past, present and future medical expense; her past, present and future pain and suffering; and other general compensatory damages caused by the injuries and harm arising out of Defendant's negligent actions.

(d) The damages as alleged are the direct and proximate result of the negligent actions of Defendant, by and through its agents and employees.

23.

(a) Based upon Defendant's bad faith actions and stubborn litigiousness, Plaintiff has been forced to suffer and incur

unnecessary trouble and expense in seeking to obtain relief for the injuries and damages caused by Defendant.

(b) Plaintiff thereby seeks and demands an award of her expenses of litigation, pursuant to O.C.G.A. §13-6-11.

24.

(a) The actions and omissions of Defendant (individually and by and through its employees and agents), as described hereinabove, showed an entire absence or want of care and such demonstrated a conscious indifference to the consequences of their actions.

(b) Therefore, Plaintiff specifically requests and demands an award of punitive damages, pursuant to O.C.G.A. O.C.G.A. §51-12-5.1, based upon the presence of those aggravating circumstances as set forth hereinabove, in order to penalize, punish, or deter Defendant from such actions in the future.

## VI. STATEMENT OF COMPLIANCE WITH O.C.G.A. § 9-11-9.1.

25.

Attached hereto is an Affidavit executed by MICHAEL A. HEGENER, PharmD, BCACP, who is a licensed pharmacist with the expertise and qualifications sufficient to provide an opinion in support of Plaintiff’s claims as set forth in this action, as required by O.C.G.A. § 9-11-9.1. (Please see attached Exhibit “A”).

## VII. PLAINTIFF'S DEMAND FOR TRIAL BY JURY.

26.

Plaintiff respectfully demands that these claims be tried by a jury, as provided by Georgia law.

WHEREFORE, Plaintiff respectfully requests the following:

(a) That summons be issued and that the Defendant be required to respond as provided by law;

(b) That she be provided with a trial of these issues by jury, as provided by law;

(c) That judgment be entered in her favor, granting all damages as specified herein, and to which she is entitled under law; and,

(d) For such other and further relief as this Court may deem to be just and appropriate.

This 13th day of January, 2025.

*s/David L. Hudgins*
DAVID L. HUDGINS
Georgia Bar No. 374108

THE HUDGINS LAW FIRM, L.L.C.
920 Holcomb Bridge Road
Suite 100
Roswell, Georgia 30076
Tel:(770) 998-6655
FAX: (770) 998-5544
E-Mail: david@dlhudginslaw.com